T. J. KELLY, RESPONDENT, v. CONSTANTINE S. CUMMINGS, OWNER, APPELLANT.

Argued June 4, 1929—Decided February 3, 1930.

For the appellant, *Cole & Cole.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

McGLENNON, J. The plaintiff, T. J. Kelly, filed a lien claim, December 23d, 1927, for the balance due him for

plumbing work done as a subcontractor upon a building being erected, in Atlantic City, for the owner, Constantine S. Cummings, under contract with one Eugene Parsons (now deceased), which contract was not filed. The suit is against Cummings, as owner, and the executrix of the estate of Eugene Parsons, the builder. The case was tried in the Atlantic County Circuit Court, before a jury, and resulted in a directed verdict in favor of the plaintiff, against the estate of Parsons generally, and specially against the land and building of the owner, Cummings. Judgment was accordingly entered, for the balance due under the subcontract and interest thereon. The defendant, Cummings, alone appeals, and specifies as a single ground of appeal, that the court directed a verdict in favor of the plaintiff, and against the defendant, when it should have directed a verdict in favor of defendant, or submitted the case to the jury.

This general ground of appeal, of course, only entitles the appellant to argue upon the insufficiency of the proofs, as admitted, in the cause, to justify the court in taking the case from the jury, and directing a verdict in favor of the plaintiff. Appellant, however, in his brief, seeks to raise and argue two other specific points—that there was no proof as to when the payment was due, and secondly, of an alleged error in a ruling by the trial court, admitting testimony of the plaintiff, as to transactions with the deceased Parsons, during the latter's lifetime. These two points are waived, and not properly before us, for failure to specify them as grounds for appeal. We note, also in passing, that the first was not raised at the trial, and as to the second, no objection to the testimony was raised by the representative of the deecased Parsons.

We examine, therefore, the proofs as admitted, in the light of appellant's argument that they raised a disputed issue of fact, as to whether plaintiff's last work had been done within four month's prior to the filing of his lien claims, and the starting of the suit, as required by the statute.

This contention is based upon the fact that plaintiff sent his bill against Parsons to defendant's lawyers in August,

and it was argued that thus he admitted his work had been finished before that time, and his lien was filed too late. It appears, however, that Cummings had had a talk with the plaintiff, and told him that he, Cummings, had some dispute with Parsons, and asked plaintiff to send in any bill he had against Parsons.

In addition, there is direct testimony by plaintiff, and one other, that even though there was a lull in the work in August, work was nevertheless done thereafter up to as late as October 22d, at the instance of Cummings, or his agent, and that final cleaning up, and adjustment of fixtures, putting in floor plates, and other details, had to be finished by the plumber, after other workmen were out of the place. That all these things had been done under the contract price, and not charged as extra work, although certain changes had been made in the location of radiators and glass doors to satisfy Cummings. These alterations or changes tied up the work two or three months. No dispute was raised as to the balance due, as stated by plaintiff, nor as to the regularity of the lien proceedings.

None of the foregoing evidence was contraverted by Cummings, who, incidentally, failed to take the stand, nor by any other witnesses. We fail, therefore, to find any disputed issue of the salient facts requisite to recovery of judgment in favor of the plaintiff. Under such proofs, any verdict of a jury against the plaintiff would have to be set aside.

We conclude, therefore, that there was no error in the trial court's action, in taking the case from the jury, and directing a verdict in favor of the plaintiff, and the judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.